IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REYNALDO GARZA | ) |
| | ) |
|   Petitioner, | ) |
| | ) NO. 3:22-cv-01072 |
| v. | ) JUDGE RICHARDSON |
| | ) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
|   Respondent | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a pro se Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Doc. No. 1, "§ 2255 Motion"),[1] filed by Petitioner on December 29, 2022. The undersigned began initial screening, identified concerns with the Motion, and ordered Petitioner to submit an amended § 2255 motion that complies with Rule 2, *Rules Governing § 2255 Cases in the United States District Courts* (Doc. No. 9, "Order").[2] The deadline (and an extended grace period) for Petitioner to submit an amended § 2255 motion has passed, and he has made no such amended filing. The Court explicitly warned Petitioner that "[f]ailure to comply with th[e] order will result in the dismissal of [the] Motion for failure to prosecute and failure to

---

[1] All citations to the record are found on the instant civil docket. The related criminal docket may be found in Case No. 3:15-cr-00145-02.

[2] As noted in this Court's prior Order, the instant Motion was prepared on a standard form promulgated by the Administrative Office of the U.S. Courts (Form AO 243 "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody"). This form contains several check-the-box options as well as fill-in-the-blank sections which, when properly filled, assist form users in providing information required by the Rules Governing § 2255 Cases. Other than providing a description of the crime for which he was convicted and his corresponding sentence, Petitioner provides no information in the fill-in-the-blank sections of the form. These sections are either marked "N/A" or are left blank. Thus, the Motion failed to specify **any** grounds for relief, or the type of relief requested.

follow orders of this Court." *Id.* at ¶ 4. Given the passage of time, it is appropriate for the Court to consider whether the Petition should be dismissed by the Court sua sponte.

## LEGAL STANDARD

Because § 2255 motions initiate civil proceedings, they are governed by the Federal Rules of Civil Procedure to the extent that they are not inconsistent with the statutes and rules specifically governing cases under 28 U.S.C. § 2255. § 2255 Rule 12; *Bowdidge v. Lehman*, 252 F.2d 366, 368 (6th Cir. 1958). Under Federal Rule of Civil Procedure 41(b), a court may dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999); *Moss v. United States*, No. 3:16-CV-219-TAV, 2019 WL 921444, at *1 (E.D. Tenn. Feb. 25, 2019).[3] Four factors guide a court weighing dismissal under Rule 41(b):

(1)  whether the party's failure is due to willfulness, bad faith, or fault;
(2)  whether the adversary was prejudiced by the dismissed party's conduct;
(3)  whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
(4)  whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

## DISCUSSION

Here, the Court concludes that the relevant factors weigh in favor of dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. As to the first factor, the Petitioner's failure to comply with the Court's previous Order is due to Petitioner's willfulness or

---

[3] "Although Rule 41(b) does not expressly provide for a *sua sponte* dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a *sua sponte* order of dismissal under Rule 41(b)." *Rogers v. City of Warren,* 302 F. App'x 371, 375 n.4 (6th Cir. 2008) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))

fault, as Petitioner did not timely notify the Court of his change in address despite the requirement to do so under the local rules. *See* L.R.Civ.P. 41.01. Regarding the next two factors (the latter but not former of which cuts in favor of dismissal), the Government has not been prejudiced by Petitioner's failure to comply, and the Court has provided the Petitioner an adequate warning about dismissal if he failed to respond. Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective, as Petitioner is a prisoner who has not pursued his § 2255 Motion since he filed it over 15 months ago. For these reasons, the Court concludes that the relevant factors as a whole weigh in favor of dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Accordingly, the § 2255 Motion (Doc. No. 1) will be denied, and this action will be dismissed without prejudice for failure to comply with § 2255 Rule 2, the Court's Orders, and lack of prosecution. Fed. R. Civ. P. 41(b).

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. As the Court has dismissed this action on procedural grounds without reaching the merits of the underlying claims, jurists of reason would not find it debatable that the Court is correct in its procedural ruling that this action is subject to dismissal due to Petitioner's failure to prosecute. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, a certificate of appealability will not issue. The Court will further certify that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

## CONCLUSION

For the reasons stated, Petitioner's § 2255 Motion (Doc. No. 1) is **DENIED,** and this action is **DISMISSED without prejudice**. Should Petitioner give timely notice of an appeal from this Memorandum and Order, such notice of appeal will be treated as an application for a certificate of appealability, which is **DENIED**, pursuant to 29 U.S.C. § 2253(c)(2) and Fed. R. App. P. 22(b).

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24, that any appeal from this action would not be taken in good faith.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE